E-Filed 3/24/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK J. KRAUSS, et al., | Case No.  15-cv-05365-HRL |
| Plaintiffs, | **ORDER DENYING MOTION FOR REMAND** |
| v. | **ORDER OF DISMISSAL WITHOUT LEAVE TO AMEND** |
| FEDERAL AVIATION ADMINISTRATION, et al., | Re: Dkt. Nos. 5, 10, 11, 27, 38 |
| Defendants. | |

Kirk and Anna Krauss ("Plaintiffs"), pro se, sue the Federal Aviation Administration ("FAA"), the City and County of San Francisco ("San Francisco"), the City of Oakland ("Oakland"), and the City of San Jose (collectively "Defendants").  Each party expressly consented to magistrate judge jurisdiction.

Plaintiffs allege Defendants changed local commercial airline flight paths based on a plan the FAA developed and implemented: the Northern California Optimization of Airspace and Procedures in the Metroplex ("NorCal OAPM").  Plaintiffs assert the flight-path changes have increased the noise level near their home.  They also argue the increased air traffic near their home increases the risk that a plane will crash and cause a dangerous wildfire.  Plaintiffs therefore bring four claims against Defendants: (1) "Defendants collectively have harmed Plaintiffs" by "deploy[ing]" flight-path changes that constitute a private nuisance, Dkt. No. 1 at 14; (2) the new flight paths "Defendants deployed" also constitute a harmful public nuisance, Dkt. No. 1 at 14-15; (3) "Defendants" were negligent because they "deployed" the harmful flight-path changes without "adequately considering the effects," Dkt. No. 1 at 15; and (4) this court should issue a declaratory judgment that "validat[es] Plaintiffs' right" to live under the same flight-path "conditions" that existed when Plaintiffs purchased their home twelve years ago, Dkt. No. 1 at 16-17.

Plaintiffs initially filed their claims in the California Superior Court of Santa Cruz County.

The FAA removed the case to this court under both 28 U.S.C. § 1441, the general-purpose removal statute, and 28 U.S.C. § 1442, a removal statute that may be used only by federal defendants.  Plaintiffs move for remand and the FAA opposes.

Each defendant moves to dismiss.  The FAA argues the Federal Tort Claims Act ("FTCA") governs the three tort claims and that, absent the exhaustion of administrative remedies, the FTCA does not waive federal sovereign immunity to those claims.  Similarly, the FAA argues the declaratory-relief claim is "procedural only" and cannot, by itself, defeat sovereign immunity.  The non-federal defendants argue: (1) Plaintiffs make vague, implausible allegations of misconduct—"collective[]" compliance with the FAA's mandate—rather than particular causal allegations against particular non-federal defendants; and (2) the Federal Aviation Act "preempts the field of noise regulation insofar as it involves controlling the flight of aircraft."  Oakland and San Francisco also argue that California's Government Claims Act, an analog to the FTCA, bars tort claims against public entities until the claimants exhaust administrative remedies.  Finally, San Francisco argues this court lacks jurisdiction over this case because the Federal Aviation Act gives "exclusive jurisdiction" to federal circuit courts when a litigant seeks to "amend, modify, or set aside" the FAA's finalized domestic aviation regulatory decisions.  49 U.S.C. § 46110.  Plaintiffs request judicial notice of a list of air carriers certified by the Department of Transportation.  San Francisco requests judicial notice of the demurrer San Francisco filed in the state-court case.

The court read the parties' briefs, conducted its own research, and held a hearing on March 1, 2016.  Defendants appeared for the hearing; Plaintiffs did not.  The motion for remand is denied.  This case is dismissed for lack of subject-matter jurisdiction.  The court denies as moot the motions to dismiss and the requests for judicial notice.

### Discussion

Plaintiffs argue this case must be remanded because: (1) § 1441 does not authorize removals where, as here, the court lacks original subject-matter jurisdiction over the complaint; (2) § 1442 does not authorize removal unless the federal defendant is a natural person; (3) § 1442 does not authorize removal unless the federal defendant's underlying conduct involved "the apprehension or punishment of criminals or the collection of . . . revenue"; and (4) § 1442

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   removals must be supported by a colorable federal defense, and the FAA has raised only an

2   implausible sovereign immunity defense.   Dkt. No. 11 at 7-9.   The FAA responds with two

3   arguments: (1) the Federal Tort Claims Act ("FTCA") gives federal district courts "exclusive

4   jurisdiction" over tort claims that seek damages against federal defendants, and therefore this court

5   has original jurisdiction to adjudicate the FAA's FTCA defense, Dkt. No. 20 at 4; and (2) § 1442

6   is broadly construed in favor of removal and therefore United States agencies have the

7   "unilateral[]" right to remove any cases against them, Dkt. No. 20 at 5.

8           Removal was proper under § 1442.   True, the text of the statute appears to contemplate

9   removal only when the underlying conduct involves the "apprehension or punishment of criminals

10  or the collection of . . . revenue," 28 U.S.C. § 1442(a)(1), but the Supreme Court has "broadly"

11  interpreted § 1442 to permit removal when a federal defendant "can raise a colorable defense"

12  under federal law, *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969) (discussing the importance

13  of permitting federal defendants to raise their federal defenses in federal courts).   This broad

14  interpretation of § 1442 permits removal even if the underlying conduct does not involve the

15  apprehension or punishment of criminals or the collection of revenue.   *E.g.*, *Durham v. Lockheed

16  Martin Corp.,* 445 F.3d 1247, 1253 (9th Cir. 2006) (holding Lockheed Martin Corporation, in its

17  capacity as a contractor hired by the federal government to build planes, was a federal officer

18  entitled to removal under § 1442).

19          Likewise, even though an older version of § 1442 authorized only federal officers to

20  remove the cases against them, Congress "amended the law to" extend a similar removal right to

21  the United States and its agencies.   *Rodas v. Seidlin*, 656 F.3d 610, 616-17 (7th Cir. 2011).   The

22  present version of § 1442 permits, inter alia, the "removal of a civil action" brought against a

23  federal "agency" for "any act under color of . . . authority claimed under any Act of Congress[.]"

24  The FAA acted under its federal authority to set policies "for the use of . . . navigable airspace."

25  49 U.S.C. § 40103.   The FAA has raised a colorable sovereign-immunity defense that partially

26  depends upon the FTCA: Plaintiffs seek money damages for their tort claims, but the FTCA does

27  not waive sovereign immunity in these circumstances because Plaintiffs have not exhausted their

28  administrative remedies, and therefore sovereign immunity bars Plaintiffs' torts.   Dkt. No. 20 at 4.

1    The court rules that § 1442 authorized the FAA to remove this case so the FAA could present its

2    colorable federal defense to a federal court.  The motion for remand is denied.

3         Notwithstanding the propriety of removal, the court shall not rule on the FAA's sovereign-

4    immunity defense because this court lacks jurisdiction over Plaintiffs' claims.  Congress "may

5    prescribe . . . the courts" which may "review . . . administrative orders[.]"  *City of Tacoma v.*

6    *Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).  If Congress grants exclusive jurisdiction to a

7    federal court of appeals over requests to "affirm, modify, or set aside" an administrative order,

8    then objections to the order and objections to third-party compliance with the "terms" of the order

9    "must be made in the [c]ourt of [a]ppeals or not at all."  *Id.*  Accordingly, when circuit courts have

10    exclusive jurisdiction to review an administrative order, a plaintiff may not "collateral[ly] attack"

11    the lawfulness of the order in a different court by claiming that a third-party's mere compliance

12    with the order violated the law.  *See id.* at 341 (state-law claims against a city for the city's

13    compliance with the "terms" of a federal license were "impermissible collateral attacks" against

14    the lawful administrative order that issued the license).

15         The Federal Aviation Act gives the federal circuit courts "exclusive jurisdiction" over

16    requests "to affirm, amend, modify, or set aside" the FAA's finalized domestic aviation

17    regulations.  49 U.S.C. § 46110; *Americopters, LLC v. Federal Aviation Administration*, 441 F.3d

18    726, 732 (9th Cir. 2006).  The Federal Aviation Act therefore "preempt[s]" a district court's

19    federal-question jurisdiction over claims that challenge the legality of the FAA's finalized

20    regulatory orders.  *Crist v. Leippe*, 138 F.3d 801, 803 (9th Cir. 1998) (citing *Clark v. Busey*, 959

21    F.2d 808, 811 (9th Cir. 1992)).  A district court may still entertain claims that "broadly challenge[]

22    the constitutionality of" the procedures that led to the issuance of FAA orders, *Mace v. Skinner*, 34

23    F.3d 854, 858 (9th Cir. 1994), but district courts nevertheless lack jurisdiction over "damages

24    claims" against the FAA that are "inescapably intertwined" with a specific FAA order,

25    *Americopters*, 441 F.3d at 736 (quoting *Crist*, 138 F.3d at 803 and *Mace*, 34 F.3d at 858 (9th Cir.

26    1994)).  Otherwise, a plaintiff could easily use damages claims to "bypass" the "exclusive forum"

27    Congress has selected for the "procedural and substantive" review of the FAA's finalized

28    regulatory decisions—the federal circuit courts.  *Mace*, 34 F.3d at 858 (quoting *Green v. Brantley*,

United States District Court
Northern District of California

4

981 F.2d 520, 521 (11th Cir. 1993)).  A damages claim is an "inescapably intertwined" collateral attack against an FAA order when the resolution of the claim depends "on the merits of [an] individual situation" and the claim does not "broad[ly] challenge" the constitutionality of the FAA's actions.  *Americopters*, 441 F.3d at 736.

Each of Plaintiffs' claims against the non-federal defendants collaterally attacks the FAA's decision to implement the NorCal OAPM plan.  The federal circuit courts are the "exclusive forum[s]" for the resolution of Plaintiffs' "procedural and substantive" objections to the FAA's finalized regulatory decision, *see Mace*, 34 F.3d at 858 (quoting *Green*, 981 F.2d at 521), and any "objections or claims" that challenge the lawfulness of a third-party's mere compliance with the "terms" of the NorCal OAPM constitute "impermissible collateral attacks" against the lawfulness of the FAA's decision to implement the NorCal OAPM, *see City of Tacoma*, 357 U.S. at 337, 341. Each claim against each non-federal defendant alleges the defendant unlawfully harmed Plaintiffs by "deploy[ing]" the new NorCal OAPM flight paths mandated by the FAA, Dkt. No. 1 at 14-17, and this court lacks jurisdiction over these collateral attacks against the lawfulness of the FAA's order.  A contrary conclusion would permit litigants to "bypass" the "exclusive" circuit-court "forum[s]" that Congress selected for the "substantive" review of whether the FAA's finalized regulatory orders comport with the law.  *See Mace*, 34 F.3d at 858 (quoting *Green*, 981 F.2d at 521); *see also Americopters*, 441 F.3d at 736.  The undersigned therefore reads 49 U.S.C. § 46110 to deprive district courts of jurisdiction over Plaintiffs' claims against the non-federal defendants.

Plaintiffs' tort claims against the FAA also collaterally attack the FAA's final order.  These claims do not "broadly challenge[]" the constitutionality of the FAA procedures that led to the issuance of administrative orders.  *Mace*, 34 F.3d at 858; *see Americopters*, 441 F.3d at 736 (quoting *Mace*, 34 F.3d at 858).  Rather, Plaintiffs' state-law claims depend squarely on the merits of the FAA's decision to mandate the use of the NorCal OAPM flight paths.  Dkt. No. 1 at 14-17. These "damages claims" are therefore "inescapably intertwined" with "the merits of [an] individual situation"—the merits of the FAA's decision to enforce the NorCal OAPM flight paths—and this court lacks jurisdiction over Plaintiffs' collateral attacks against the FAA's final order. *Americopters*, 441 F.3d at 736.

5

1    Finally, the court lacks jurisdiction over the declaratory-judgment claim against the FAA.

2    Plaintiffs ask the court to "restore" the volume of air-traffic that used to exist near Plaintiffs' home

3    based on the argument that Plaintiffs have a "right" to enjoy the same degree of "peace, quiet, and

4    safety" that existed before the FAA issued its order.  Dkt. No. 1 at 16-17.  This claim invites the

5    court to directly invalidate a final regulatory order made by the FAA.  The undersigned considers

6    it clear that the Ninth Circuit and the District of Columbia Circuit are the "exclusive" forums

7    where Plaintiffs may seek review of whether the FAA's decision should be "set aside" as

8    unlawful.  49 U.S.C. § 46110; *Americopters*, 441 F.3d at 732.  Indeed, in 2014 several interested

9    parties petitioned the Ninth Circuit under § 46110 to set aside the FAA's decision to implement

10   the NorCal OAPM flight-path changes, and the Ninth Circuit continues to exercise jurisdiction

11   over that litigation.  *Lyons et al. v. FAA et al.*, Case No. 14-72991.

12   The court notes San Francisco raised § 46110 in a motion to dismiss for failure to state a

13   claim rather than a motion to dismiss for lack of jurisdiction.  Regardless, a federal district court

14   has an affirmative duty to dismiss any case over which the court lacks subject-matter jurisdiction.

15   Fed. R. Civ. P. 12(h)(3).  This court lacks subject-matter jurisdiction over each claim raised

16   against each defendant in this case.  Plaintiffs would not be able to cure the fundamental

17   jurisdictional defects in this case by amending the claims.

18                                            **Conclusion**

19   The motion to remand is denied because the FAA properly removed this case under 28

20   U.S.C. § 1442 on the basis of a colorable federal defense.  The court lacks jurisdiction over each

21   of Plaintiffs' claims against the non-federal defendants because those claims collaterally attack the

22   FAA's decision to implement the NorCal OAPM flight paths.  The court lacks jurisdiction over

23   the tort claims against the FAA; those claims collaterally attack the FAA's regulatory order

24   because they are inescapably intertwined with the merits of the order.  The court also lacks

25   jurisdiction over the declaratory-judgment claim against the FAA; only the Ninth Circuit and the

26   District of Columbia Circuit have original jurisdiction to review whether to set aside the FAA's

27   order as unlawful.  The case is dismissed without leave to amend.  The motions to dismiss and the

28

United States District Court
Northern District of California

requests for judicial notice are denied as moot.

     **IT IS SO ORDERED.**

Dated: 3/24/16

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California